# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT RHODES,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action No. 17-13178 (SDW)<br><br>OPINION |

**WIGENTON**, District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Robert Rhodes ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging Petitioner's state court conviction (ECF No. 7). The State filed a response to the petition (ECF No. 12), to which Petitioner has replied. (ECF No. 15). For the following reasons, this Court will deny the petition and deny Petitioner a certificate of appealability.

## I. BACKGROUND

Following his arrest in May 2015, Petitioner Robert Rhodes was indicted on multiple state drug charges including knowingly maintaining or operating a heroin production facility in violation of N.J. Stat. Ann. § 2C:35-4. (Document 2 attached to ECF No. 12 at 24-27). Because Petitioner had an extensive criminal history involving multiple prior felonies and because a firearm was recovered in a search of Petitioner's home, Petitioner was also charged by way of a second indictment with being a felon in possession of a firearm (referred to in the record as a "certain persons" offense) in violation of N.J. Stat. Ann. § 2C:39-7. (*Id.* at 28-29). On November 9, 2015, Petitioner pled guilty to both the maintaining charge and the certain persons offense in the Superior

1

Court of New Jersey in Union County. (Document 6 attached to ECF No. 12). Pursuant to the plea agreement offered by the state, Petitioner was required to plead to the maintaining a heroin production facility charge, for which he would receive a recommended sentence of eight years with a four year parole disqualifier, and to the certain persons offense, for which he would receive a five year sentence with a five year parole disqualifier, while the remaining drug charges would be dismissed. (*Id.* at 6-7). In the plea agreement, the State also indicated its intent to recommend that these two sentences be served consecutively. (*Id.*).

At his plea hearing, however, Petitioner expressed dissatisfaction with his attorney because he believed that the State had miscalculated the appropriate sentence for his heroin facility charge under the New Jersey Attorney General's *Brimage* guidelines[1] and because he believed that it amounted to either double counting or a double jeopardy issue for him to both have his heroin facility charge enhanced for possessing a weapon while also receiving a separate sentence for the certain persons offense. (*Id.* at 4-15). Essentially, Petitioner believed that, pursuant to the guidelines, his total sentence should have been an eight year term with a four year parole disqualifier, notwithstanding the additional certain persons offense. (*Id.*). In an extensive colloquy, the plea judge explained to Petitioner that he would be free at sentencing to argue that his certain persons offense should run concurrent to his heroin facility charge, but that he did not have the ability to pick and choose which parts of the state's plea deal he would accept – Petitioner

---

[1] The *Brimage* guidelines are a special set of rules which govern and control prosecutorial discretion in making sentencing recommendations for offenders charged with violations of New Jersey's Comprehensive Drug Reform Act of 1987, N.J. Stat. Ann. § 2C:35-1 to 36-1. *See, e.g., State v. Brinson*, 2018 WL 525420, at *2-3 (N.J. App. Div. Jan 24, 2018). "The *Brimage* guidelines are intended to provide uniform standards for plea offers for CDRA offenses, and reduce the chance of disparity in sentencing" which can result from a prosecutor's authority to waive mandatory minimum terms for certain drug offenses pursuant to N.J. Stat. Ann. § 2C:35-12. *Id.* at *3, *5.

2

could either plead guilty to both charges and argue at sentencing that the two sentences should run concurrently, or he could refuse the deal and proceed to trial. (*Id.* at 15-31). Petitioner ultimately accepted the judge's explanation, and chose to plead guilty to both charges. (*Id.* at 32-54). As part of that plea, Petitioner stated that he was now satisfied with his attorney, and that he understood the rights that he was waiving by pleading guilty, though he still felt the recommended sentence was "excessive." (*Id.* at 36-41). As part of the factual basis for his plea, Petitioner admitted that he had knowingly operated a heroin production facility in North Plainfield, and that police had covered a considerable amount of heroin and paraphernalia from that facility. (*Id.* at 42-45). Petitioner also admitted that he knowingly possessed a handgun and that he had previously been convicted of a drug-related felony. (*Id.* at 50-53).

Following this guilty plea, Petitioner appeared for sentencing on January 22, 2016. (Document 7 attached to ECF No. 12). At sentencing, Petitioner again argued that it would amount to double counting or something approaching a double jeopardy violation for Petitioner to receive a consecutive sentence for the certain persons offense after his heroin facility recommended sentence had already been adjusted for the use of a firearm. (*Id.* at 4-6). After considering these arguments, the trial court ultimately concluded that Petitioner's sentences on the two offenses should run concurrently with one another, and thus sentenced Petitioner to an eight year sentence with a four year parole disqualifier on the heroin facility charge and a concurrent five year sentence with a five year parole disqualifier on the certain persons offense, ultimately resulting in a sentence of eight years with a five year parole disqualifier. (*Id.* at 11-20).

Petitioner thereafter appealed his sentence, with his appeal being heard on an excessive sentence calendar by the Superior Court of New Jersey – Appellate Division. (Document 8 attached to ECF No. 12). On appeal, Petitioner argued that, under the *Brimage* guidelines, he

3

should only have received the eight year sentence with a four year parole disqualifier and that the "certain persons [offense] should not have been part of the plea offer" and that he thus should not have received the five year parole disqualifier from the certain persons offense. (*Id.* at 2-3). The State in turn argued that, under the *Brimage* guidelines, Petitioner could have been subjected to a twelve year sentence on the heroin facility charge consecutive to the five year certain persons offense, and that Petitioner's concurrent sentence was thus an "excellent deal" for Petitioner, and that neither the plea offer nor sentence ultimately violated his rights. (*Id.* at 4). On September 21, 2016, the Appellate Division affirmed Petitioner's sentence, finding that the sentencing judge "correctly applied the sentencing guidelines" and did not abuse its discretion in sentencing Petitioner. (Document 3 attached to No. 12).

Petitioner thereafter filed a petition for certification with the New Jersey Supreme Court. (ECF No. 7 at 20-22). In his petition for certification, Petitioner once again argued that the *Brimage* guidelines had been improperly applied, and that he should have received a total sentence of eight years with a four year period of parole ineligibility, rather than the eight year sentence with a five year ineligibility period Petitioner received. (*Id.*). The New Jersey Supreme Court denied Petitioner's petition for certification on February 7, 2017. (Document 5 attached to ECF No. 12).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

4

States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 567 U.S. 37, 40-41 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B. Analysis

In his amended habeas petition, Petitioner argues that the prosecutor in his criminal matter misapplied the *Brimage* guidelines, and that, as a result of this miscalculation, he received an eight year sentence with a five year parole disqualifier instead of the four year parole disqualifier that he believes he should have received. Petitioner also asserts that this resulted in a sentence which amounted to an "abuse of discretion" from the sentencing court and that his sentence "violates the Double Jeopardy" Clause, presumably because his possession of a firearm both enhanced his *Brimage* guidelines calculation and was the basis for the additional certain persons offense. (ECF No. 7 at 6). Respondents argue that Petitioner's claims are not properly exhausted because his claims were not squarely presented to the New Jersey Appellate Courts in their current form – specifically, Respondents assert that Petitioner's request for his certain persons offense to be vacated was never presented to the state courts.

Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to a convicted state prisoner unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective for the prisoner. Generally, a prisoner satisfies the statute's exhaustion requirement by fairly presenting his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011). A convicted prisoner in New Jersey therefore properly exhausts his claims by fairly presenting them to the Superior Court of New Jersey Law Division and Appellate Division, and ultimately to the New Jersey Supreme Court. *See Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). It is not sufficient that a petitioner merely has "been through the state courts," a Petitioner must instead actually exhaust his claims by "fairly

present[ing]" them in a context where the state courts had the "opportunity to hear the claim[s] sought to be vindicated." *Picard*, 404 U.S. at 276. A claim is not "fairly presented" where the claim in question was only presented to the state appellate courts "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In this matter, while Petitioner presented his claim that the State and sentencing judge misapplied the *Brimage* calculations to all three levels of the state courts, Petitioner did not present this claim as a double jeopardy claim to either the Appellate Division or the New Jersey Supreme Court, instead presenting his claim solely as a challenge to the application of the guidelines. (*See* Documents 3, 8 attached to ECF No. 12). Petitioner did, however, assert that he should not have received the additional five year parole disqualifier associated with his certain persons offense at both appellate levels, and counsel for Petitioner clearly stated in the Appellate Division transcript that the "certain persons [offense] should not have been part of the plea offer" as a result of the *Brimage* issue, and incorporated that into his petition for certification. (*See* Document 8 attached to ECF No. 12 at 2; Document 3 attached to ECF No. 12 at 2). It thus appears that Respondents are incorrect in asserting that Petitioner failed to ask to have his certain persons offense vacated on direct appeal, but are nonetheless correct that Petitioner's claim contains an unexhausted claim insomuch as Plaintiff failed to properly raise his claim as a double jeopardy issue before the state appellate courts. While this Court must conclude that Petitioner's Double Jeopardy claim is unexhausted, this Court need not dismiss the petition because Petitioner's Double Jeopardy claim is clearly without merit, and this Court may therefore deny it notwithstanding the failure to exhaust pursuant to 28 U.S.C. § 2254(b)(2).

Turning to Petitioner's Double Jeopardy argument, Petitioner essentially argues that his sentence violates the clause because his possession of a handgun resulted in both an enhancement

7

to his recommended sentence pursuant to his plea agreement and formed the basis for his separate conviction for being a felon in possession of a firearm. The Double Jeopardy Clause of the United States Constitution "provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Dixon*, 509 U.S. 688, 695-96 (1993) (quoting U.S. Const. amend. V). The clause protects individuals both from successive punishments and from successive prosecutions for the same criminal offense. *Id.* at 696. As the Third Circuit has explained,

> "With respect to cumulative sentences imposed in a single [prosecution], the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366[] (1983). "Where [the legistlature] intended . . . to impose multiple punishments [for a single act], imposition of such sentences does not violate the Constitution." *Albernaz v. United States*, 450 U.S. 333, 344[] (1981). Accordingly, a Double Jeopardy challenge must fail if the statutory text clearly reflects a legislative intent to impose multiple sentences on a defendant for a single underlying transaction. *See id.* at 344 & n. 3[; *United States v.*] *Bishop*, 66 F.3d [569, 573–74 (3d Cir. 1995)]. If, after inspection, Congress's intent remains unclear, cumulative sentencing poses no double jeopardy problem only if "each provision requires proof of a fact which the other does not," thereby satisfying *Blockburger v. United States*, 284 U.S. 299[] (1932). *Bishop*, 66 F.3d at 573 (quoting *Blockburger*, 284 U.S. at 304[]). However, "[b]ecause the [*Blockburger*] rule 'serves as a means of discerning congressional purpose[, it] should not be controlling where, for example, there is a clear indication of contrary legislative intent.'" *United States v. Conley*, 37 F.3d 970, 975–76 (3d Cir.1994).

*United States v. Berrios*, 676 F.3d 118, 138-39 (3d Cir. 2012).

In this matter, Plaintiff was charged and ultimately sentenced for two separate crimes – the operation of a heroin production facility in violation of N.J. Stat. Ann. § 2C:35-4 and being a convicted felon in possession of a weapon in violation of N.J. Stat. Ann. § 2C:39-7. Clearly, each crime involves proof of a fact the other does not – the production facility charge requires that the

State prove that Petitioner "knowingly maintain[ed] or operated any premises, place or facility used for the manufacture of [heroin]" or "aid[ed], promote[d], finance[d] or otherwise participate[d] in the maintenance of such [a facility]." N.J. Stat. Ann. § 2C:35-4. The certain persons offense, in contrast, required that the State prove that Petitioner had previously been convicted of a requisite felony offense – including Petitioner's prior drug related felonies- and that he thereafter "purchase[d], own[ed], possess[ed] or control[led] a firearm." *See* N.J. Stat. Ann. § 2C:39-7; *see also State v. Bailey*, 213 N.J. 474, 488 (2018). The two offenses thus pass the *Blockburger* test – each requires proof of an element the other does not – the drug facility offense requires proof of the maintaining or operation of a drug production facility, while the certain person offense requires proof of a prior requisite offense and possession of a firearm thereafter. It is thus clear that the two crimes were intended by the legislature to be treated as different crimes and punished separately, notwithstanding the fact that a Petitioner's heroin facility sentence could be more severe in light of his possession of a firearm. *Berrios*, 676 F.3d at 138-39. As the two offenses are clearly separate offenses intended to be punished separately, Petitioner's right to be free of Double Jeopardy was not in any way impugned when he received separate – albeit concurrent – sentences for these two crimes. Indeed, even were one to consider possession of a weapon –which Petitioner contends was considered as a sentencing enhancing fact pursuant to the *Brimage* guidelines to have been a part of the heroin facility charge, the certain persons crime still has an element the facility charge does not – Petitioner's prior felonies.[2] Petitioner's Double

---

[2] In his reply, Petitioner attempts to resurrect his argument made to the trial court that receiving both sentences also amounts to a "double counting" of his possession of the weapon which results in his receiving punishment for possessing the weapon twice. Because the double counting issue – as opposed to the Double Jeopardy claim – was raised in this matter for the first time in Petitioner's reply brief, this Court need not consider the argument. *See, e.g., Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015). Even were the Court to consider it, however, Petitioner's double counting argument provides no basis for habeas relief. Double counting is

9

Jeopardy claim is thus patently without merit and is denied notwithstanding Petitioner's failure to properly exhaust that claim. 28 U.S.C. § 2254(b)(2).

Finally, Plaintiff challenges the application of New Jersey's *Brimage* guidelines to his plea agreement and, ultimately, to his sentence. Because federal habeas jurisdiction is only available to remedy violations of the United States Constitution or federal law, habeas relief is ordinarily not available for alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *Lewis v. Jeffers*, 490 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n. 8 (3d Cir. 2001). Similarly, a federal habeas court has no authority to re-examine state court determinations on issues of state law. *See Estelle*; 502 U.S. at 67-69. Because "sentencing is a matter of state criminal procedure and [generally] does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus," alleged sentencing error by a state court will not warrant habeas relief unless the sentence imposed was outside of the range authorized by the crime in question or was otherwise beyond the sentencing judge's authority to give. *See, e.g., Sutton v. Blackwell*, 327 F. Supp. 2d 477, 486 (D.N.J. 2004) (quoting *Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987).

Here, Petitioner challenges his sentence by arguing that the state court prosecutor and trial court misapplied a set of state rules applicable to plea deals for drug offenses and the sentences

---

improper under New Jersey law where a fact intrinsic to the crime with which a Petitioner is charged is used as an aggravating factor to enhance his sentence for that crime. *See, e.g., State v. Fuentes*, 217 N.J. 57, 74-75 (2014). Here, while Petitioner's possession of a weapon was considered by the State in determining the appropriate plea agreement under the *Brimage* guidelines, it was only used to affect the sentence for the drug crime, which did not include possession of a weapon as an intrinsic element. Indeed, although relevant to the *Brimage* calculation, there is no indication that the sentencing judge considered the weapon possession as an aggravating factor with regard to Petitioner's drug crime. In any event, that Petitioner possessed a gun was not used to enhance the sentence for his certain persons offense, the only offense with which he was charged that did include weapon possession as an intrinsic element, and there was therefore no improper double counting in this instance.

10

resulting therefrom – the *Brimage* guidelines – resulting in him receiving a higher sentence than he believes was warranted for his offenses. All three levels of the New Jersey state courts heard this claim and rejected it. This Court is without authority to second guess their determinations of state law, including the determination that Petitioner's plea agreement and sentence did not violate the *Brimage* guidelines. *Estelle*, 502 U.S. at 67-69. The sentence Petitioner ultimately received – eight years with a four year parole ineligibility term for his first degree heroin facility charge and five years with a five year parole ineligibility for his second degree certain persons offense – was within the statutory limits and was clearly within the discretion of the sentencing judge to issue. S*ee* N.J. Stat. Ann. § 2C:43-6(a)(1)-(2) (first degree crimes punishable by term of 10-20 years, second degree punishable by a term of 5-10 years); N.J. Stat. Ann. § 2C:35-12 (authorizing sentences below mandatory minimums for drug charges resolved via plea agreement); N.J. Stat. Ann. § 2C:39-7(b) (requiring a minimum term of at least five years, including a five year period of parole ineligibility, for second degree certain persons offense); N.J. Stat. Ann. § 2C:35-4 (requiring minimum term of parole ineligibility of between one-third and one-half of total sentence for first degree maintaining CDS facility charge). As Petitioner's sentence was clearly within the authority and discretion of the sentencing judge, because this Court is without authority to second guess the state courts in their application of state law rules including the *Brimage* guidelines, and and because Petitioner has otherwise failed to show that his sentence in any way violated his federal statutory or constitutional rights, Petitioner has failed to show any valid basis for habeas relief, and his habeas petition is therefore without merit. Petitioner's habeas petition is therefore denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's habeas claims are without merit for the reasons expressed above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

### IV. CONCLUSION

For the reasons stated above, Petitioner's amended petition for a writ of habeas corpus (ECF No. 7) is DENIED and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: June 18, 2018                      *s/ Susan D. Wigenton*
                                                Hon. Susan D. Wigenton,
                                                United States District Judge